# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 10-513V
(E-Filed: December 4, 2013)

```
* * * * * * * * * * * * *
MARY MCGEHEE,                    *      UNPUBLISHED
                                 *
            Petitioner,          *      Special Master
                                 *      Hamilton-Fieldman
v.                               *
                                 *      Attorneys' Fees and Costs;
SECRETARY OF HEALTH              *      Award in the Amount to Which
AND HUMAN SERVICES,              *      Respondent Does Not Object
                                 *
            Respondent.          *
* * * * * * * * * * * * *
```

Isaiah R. Kalinowski, Washington, DC, for Petitioner

Jennifer L. Reynaud, Washington, DC, for Respondent

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 5, 2010, Petitioner, Mary McGehee, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Petitioner alleged that she suffered Guillain-Barre Syndrome ("GBS") as a

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (2006) (Vaccine Act or the

1

result of receiving an influenza vaccine. On August 1, 2013, the undersigned issued a decision adopting the parties' stipulation for award as reasonable.

On November 15, 2013, after informally discussing a draft application for attorneys' fees and costs that was submitted for Respondent's comment, the parties filed a Stipulation Regarding attorney's fees and costs requesting Petitioner's counsel be awarded a total amount of $43,000.00 in attorneys' fees and costs. Petitioner had no out-of-pocket expenses per her representation in the General Order No. 9.

The Vaccine Act permits an award of reasonable attorneys' fees and costs even in cases where compensation is not awarded to Petitioner. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the amounts requested by Petitioner and Respondent's counsel's lack of objection, the undersigned **GRANTS** Petitioner's counsel's revised request for attorneys' fees and costs.

The undersigned approves the requested amount of attorneys' fees and costs as reasonable. **Accordingly, an award of $43,000.00 should be made in the form of a check payable jointly to Petitioner and Petitioner's law firm, Maglio Christopher & Toale, PA.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.